IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT CLARK WALLACE, | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | 7:14-cv-00604-LSC |
| | ) | |
| MERCEDES BENZ U.S., INTERNATIONAL, INC., | ) ) ) | |
| Defendant. | | |

### Memorandum of Opinion

Before the Court is the parties' joint motion for approval of settlement. (Doc. 23.) This suit was brought by Plaintiff Robert Clark Wallace ("Wallace") to collect alleged unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). In the "context of suits brought directly by employees against their employer . . . to recover back wages for FLSA violations," any party to an FLSA settlement must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Having considered the guidelines set forth by the Eleventh Circuit for approval

of an FLSA settlement, the Court finds that the amended settlement agreement is fair, as it reflects a reasonable compromise of issues actually in dispute. The settlement was reached in an adversarial context in which Wallace was represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable as required by *Lynn's Food*. *Id.* at 1354; *see also Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013) (noting that a joint settlement proposal reached in an adversarial context is valid even if the agreement is not reviewed by the Secretary of Labor). Furthermore, the proposed agreement does not bind non-parties to the present action.[1] Lastly, the proposed agreement does not ask the Court to assess attorney's fees, as the parties have agreed on the amount owed.

For the reasons stated above, the joint motion for approval of settlement agreement (Doc. 23) is due to be granted, resulting in an award of $20,000 to Plaintiff Robert Clark Wallace and $11,517.75 to Wallace's counsel for fees and expenses.

---

[1] The Court notes that the submitted settlement agreement also purports to apply to a plaintiff in another action, Margie Carolyn Adams ("Adams"). However, this Court will not enter an order binding a non-party to the agreement. Concerning Adams, the parties should seek agreement from the court that her suit was filed in.

Done this <u>2nd</u> day of <u>December 2014</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
<sub>177822</sub>